# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAMARCUS WHATLEY, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE |
| | ) | |
| CITY OF CHICAGO, CITY OF CHICAGO | ) | MAGISTRATE |
| POLICE OFFICERS KAZMI, Star No. 17382, | ) | |
| WESTERFIELD Star No. 9502, J. J. MURPHY, | ) | |
| Star No. 393, E. DONAHOE, Star No. 10961, | ) | |
| M. APPELHANS, Star No. 11774, S. DAMATO, | ) | |
| Star No. 15611, J. SMITH, Star No. 17346, M. | ) | |
| CAZARES, Star No. 17968, J. KENAR, Star No. | ) | |
| 8363, I. MARTINEZ, Star No. 9366, P. BABICH, | ) | |
| Star No. 20057, K SCHMIT, Star No. 21831, T. | ) | |
| MASON, Star No. 2368, D. ANDERSON, Star No. | ) | |
| 20013, and J. McCARTHY, Star No. 20131 | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## **AMENDED COMPLAINT**

NOW COMES the Plaintiff, DAMARCUS WHATLEY ("Plaintiff"), by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants CITY OF CHICAGO ("City" or Defendant City") and CITY OF CHICAGO POLICE OFFICERS KAZMI, Star No. 17382, WESTERFIELD Star No. 9502, J. J. MURPHY, Star No. 393, E. DONAHOE, Star No. 10961, M. APPELHANS, Star No. 11774, S. DAMATO, Star No. 15611, J. SMITH, Star No. 17346, M. CAZARES, Star No. 17968, J. KENAR, Star No. 8363, I. MARTINEZ, Star No. 9366, P. BABICH, Star No. 20057, K. SCHMIT, Star No. 21831, T. MASON, Star No. 178, D. ANDERSON, Star No. 20013, and J. McCARTHY, Star No. 20131 ("Officers" or "Defendants"), states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for false arrest, and malicious prosecution.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff, Damarcus Whatley ("Plaintiff") is a citizen of the United States of America, who currently resides in Cook County, IL.

4. Defendant City of Chicago Police Officers ("Defendants" or "Officers") were at the time of this occurrence duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State law claims.

## BACKGROUND

6. Demarcus Whatley was in in-the-area of the Niemann Marcus near 737 N. Michigan Ave., in Chicago, in the early afternoon of December 3, 2020

7. Officer Kazmi, Star No. 17382, and Officer Westerfield, Star No. 9502, arrested Mr. Whatley without probable cause.

8. Mr. Whatley was not committing any crime at the time of his arrest.

9. The officers had information which suggested that Mr. Whatley could have been a passenger in a vehicle that was reported stolen in late November.

10. The vehicle had no outward indication of being stolen, and there is no indication that Mr. Whatley, again just a passenger, knew that the vehicle was stolen.

11. When Mr. Whatley was arrested, he possessed travel documents and an itinerary which showed that he had recently returned from Miami, Florida.

12. Defendants had no basis to believe that they had probable cause to arrest Mr. Whatley, or that he was involved in any crime on November 25, 2020 or November 30, 2020.

13. Defendant Officers Donahoe, Applehans, Damato, Smith, Cazares, Kenar, and Martinez, assisted in an arrest for which they had no probable cause.

14. Supervisor J. J. Murphy, Star No. 393, approved probable cause to charge Mr. Whatley, when he knew there was none.

15. Defendant Detectives Babich, Schmit, Anderson, McCarthy, and Mason were notified about the arrest of Mr. Whatley and the arrest of Javon Readus—who was alleged to have been driving a stolen vehicle.

16. Without any evidence, Defendants had Mr. Whatley charged for involvement in multiple car jackings and attempted murders.

17. The Defendants, inclusive of the Detectives, created Complaints against Mr. Whatley for incidents which occurred on November 30, 2020 and November 25, 2020 that included attempted murders, and lesser included charges including vehicular hijacking.

18. All Defendant Detectives were aware that no witness identified Mr. Whatley as being involved in either incident, including in several police line-ups.

19. All Defendants knew that that they lacked probable cause for these charges.

20. Based on the Defendants misrepresentations, the State's attorneys at Mr. Whatley's bond hearing on December 5, 2020 told the Court that Mr. Whatley had been identified in a photo line-up.

21. In fact, photo line-ups were conducted, and neither Mr. Whatley nor Mr. Reedus were identified.

22. Mr. Whatley was held in custody with no bond until December 19, 2020 when all charges were dismissed.

23. As a result of the false arrest and malicious prosecution, Plaintiff suffered damages, including but not limited to pain and suffering and financial loss.

### Count I
### 42 U.S.C. Section 1983
### Fourth Amendment -- False Arrest
### Against all Defendants

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25. The willful, wanton and unreasonable arrest of the Plaintiff; caused and/or performed by all Defendants, as detailed above, was in violation of plaintiff's right to be free of unreasonable searches and seizure and false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

26. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

27. As a result of the Defendant' misconduct described in this Count, undertaken

pursuant to the City's policy and practice as described above, Plaintiff suffered injury including physical, financial and emotional harm.

## Count II
### State Law Malicious Prosecution
### Against all Defendants

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29. As more fully stated above, all Defendant Officers caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

30. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence which fully and finally terminated the case in Plaintiff's favor.

31. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damage, including but not limited to physical, emotional, and economic damages.

## Count III
### Indemnification – City of Chicago - 745 ILCS 10/9-102

32. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

33. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

34. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## Count IV
### *Respondeat Superior*

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

36. In committing the acts alleged in the preceding paragraphs, the Defendant

Officers were employed by and acting as agents of the City of Chicago.

37. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff

Christopher R. Smith
Christopher Smith Trial Group, LLC
53 W. Jackson, Suite 856
Chicago, IL 60604
312.432.0400

6